UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No. 21-10175-ADB |
| | ) |
| (3) HUGO GIOVANNI MORAES, | ) |
| Defendant. | ) |

## PRELIMINARY ORDER OF FORFEITURE

**BURROUGHS, D.J.**

WHEREAS, on April 4, 2023, a federal grand jury sitting in the District of Massachusetts returned a ten-count Second Superseding Indictment charging defendant Jesse James Moraes (the "Defendant"), and others, with Conspiracy to Encourage and Induce an Alien to Come to, Enter, and Reside in the United States for Commercial Advantage and Private Gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and (B)(i) (Count One); Encouraging and Inducing an Alien to Come to, Enter, and Reside in the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iv) and (B)(i) (Count Two); Forced Labor and Attempted Forced Labor, in violation of 18 U.S.C. §§ 1589(a) and 1594(a) (Counts Three and Four); Forced Labor, in violation of 18 U.S.C. § 1589(b) (Count Five); and Forced Labor Conspiracy, in violation of 18 U.S.C. §§ 1589(a) and 1594(b) (Count Six);[1]

WHEREAS, the Second Superseding Indictment included an Alien Smuggling Forfeiture Allegation, pursuant to 8 U.S.C. § 1324(b), 18 U.S.C. § 982(a)(6), and 28 U.S.C. § 2461(c), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of one or more of the alien smuggling offenses set forth in Counts One and Two of the Second

---

[1] The Defendant was not charged in Counts Seven through Ten of the Second Superseding Indictment.

Superseding Indictment, of any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offenses; any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained, directly or indirectly, from the commission of the offenses; and any property, real or personal, used and intended to be used to facilitate the commission of the offenses, including, but not limited to, the following:

    a.    TASTE OF BRAZIL – TUDO NA BRASA, LLC;

    b.    THE DOG HOUSE BAR & GRILL, LLC;

    c.    The real property located at 414 Main Street, Woburn, MA 01801;

    d.    The real property located at 434 Main Street, Woburn, MA 01801;

    e.    $60,326 in United States currency, seized on October 4, 2022, at THE DOG HOUSE BAR & GRILL, 434 Main Street, Woburn, MA; and

    f.    $211,912 in United States currency, seized on October 4, 2022, at TASTE OF BRAZIL restaurant, 414 Main Street, Woburn, MA

(collectively, the "Properties");

WHEREAS, the Second Superseding Indictment also included a Forced Labor Forfeiture Allegation, pursuant to 18 U.S.C. § 1594(d), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of one or more of the offenses set forth in Counts Three through Seven of the Second Superseding Indictment, of any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offense, and any property traceable to such property; and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offense, and any property traceable to such property, including, but not limited to, the Properties;

WHEREAS, the Second Superseding Indictment further provided that, if any of the above-

described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described above;

WHEREAS, on November 14, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Second Superseding Indictment, pursuant to a written plea agreement that he signed on or about September 2, 2024;[2]

WHEREAS, in Section 6 of his written plea agreement, the Defendant understood that the Court will, upon acceptance of the Defendant's guilty plea, enter an order of forfeiture as part of the Defendant's sentence, and that the order of forfeiture may include assets directly traceable to the Defendant's offenses, assets used to facilitate the Defendant's offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the Defendant's offenses;

WHEREAS, pursuant to the Defendant's written plea agreement, the assets to be forfeited from the Defendant, and co-defendant Jesse James Moraes, specifically included, without limitation, the following:

    a.    $25,000 of the $60,326 in United States currency, seized on October 4, 2022, at THE DOG HOUSE BAR & GRILL, 434 Main Street, Woburn, MA; and

---

[2] The United States agreed to move to dismiss, after sentencing, Counts Two through Six of the Second Superseding Indictment against the Defendant.

3

      b.      $25,000 of the $211,912 in United States currency, seized on October 4, 2022, at TASTE OF BRAZIL restaurant, 414 Main Street, Woburn, MA

(collectively, the "$50,000 in U.S. Currency");

WHEREAS, in his written plea agreement, the Defendant admitted that the $50,000 in U.S. Currency is subject to forfeiture on the grounds that it constituted, or was derived from, proceeds of the Defendant's offenses, and/or was used to facilitate the Defendant's offenses, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and (B)(i) and the Defendant consented to the entry of an Order of Forfeiture for the $50,000 in U.S. Currency;

WHEREAS, in addition, the United States has agreed to return to the Defendant, and co-defendant Jesse James Moraes, pursuant to the terms of their respective written plea agreements, the following:

      a.      $35,326 in United States currency, seized on October 4, 2022, at the Dog House Bar and Grill, 434 Main Street, Woburn, MA; and

      b.      $186,912 in United States currency, seized on October 4, 2022, at Taste of Brazil restaurant, 414 Main Street, Woburn, MA

(collectively, the "Returned Currency");[3]

WHEREAS, in his written plea agreement, the Defendant also waived any and all claims arising from or relating to the seizure, detention, and return of the Returned Currency;

WHEREAS, in light of the Defendant's guilty plea and admissions in his written plea

---

[3] The Defendant, along with his co-defendant Jesse James Moraes, agreed that the Returned Currency shall be paid forthwith, upon its release by the United States to the Defendant and his co-defendant Jesse James Moraes, to the U.S. Small Business Administration (SBA) in partial repayment of loans made to the restaurants, the Dog House Bar and Grill and Taste of Brazil, by the SBA. The Defendant and Jesse James Moraes agreed to then provide to the United States proof of such payment to the SBA, within two business days of the release of the Returned Currency.

agreement, the United States has established the requisite nexus between the $50,000 in U.S. Currency and the offenses of the Second Superseding Indictment to which the Defendant pled guilty, and accordingly, the $50,000 in U.S. Currency is subject to forfeiture to the United States pursuant to 8 U.S.C. § 1324(b), 18 U.S.C. § 982(a)(6), and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to 8 U.S.C. § 1324(b), 18 U.S.C. § 982(a)(6), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the $50,000 in U.S. Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the $50,000 in U.S. Currency and the offenses to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interests in the $50,000 in U.S. Currency are hereby forfeited to the United States of America for disposition pursuant to 8 U.S.C. § 1324(b), 18 U.S.C. § 982(a)(6), and 28 U.S.C. § 2461(c).

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the $50,000 in U.S. Currency and maintain it in its secure custody and control.

4. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the $50,000 in U.S. Currency.

5. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), the United

States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the $50,000 in U.S. Currency to be forfeited.

6. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the $50,000 in U.S. Currency shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the $50,000 in U.S. Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the $50,000 in U.S. Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the $50,000 in U.S. Currency, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the $50,000 in U.S. Currency.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture against the $50,000 in U.S. Currency, pursuant to 8 U.S.C. § 1324(b), 18 U.S.C. § 982(a)(6), 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

                                                       ALLISON D. BURROUGHS
                                                       United States District Judge

Dated: 1/31/2025